UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LAWRENCE H. DEVERS,

                    Plaintiff,

          v.                                    **DECISION AND ORDER**
                                                06-CV-843S
GLENN S. GOORD,
DONALD SELSKY,
MICHAEL McGINNIS
LIEUTENANT HAZELTON,
P. CHAPPIUS, JR.,
SGT. FURMAN,
A. BLOW,
P. COLEMAN,
F. FRISBIE,

                    Defendants.

## I. INTRODUCTION

In this action, pro se Plaintiff Lawrence H. Devers alleges, pursuant to 42 U.S.C. §

1983, that Defendants violated his right to be free from excessive force while he was an

inmate in the care and custody of the New York Department of Corrections and Community

Services ("DOCCS") at Southport Correctional Facility.  Presently before this Court is

Defendants' Motion for Summary Judgment.  Plaintiff has not responded to the motion,

despite being warned of the consequences for his failure to do so.  For the following

reasons, Defendants' motion is granted.

## II. BACKGROUND

Because Plaintiff failed to respond to Defendants' motion, all facts set forth in

Defendants' Rule 56 Statement are deemed admitted.  See Fed. R. Civ. P. 56 (e)(2); Local

Rule 56 (a)(2).

1

Plaintiff filed the complaint in this action on December 20, 2006.  (Docket No. 1.) Therein, he alleges that Defendants used unwarranted and unprovoked excessive force against him on November 18, 2003, when a dispute arose concerning Plaintiff's entitlement to a shower.  (Complaint, ¶¶ 30-59.)  Plaintiff alleges that he was "brutally assaulted" by Defendants Coleman, Frisbie, Blow, and Furman, resulting in a broken finger and significant back injuries.  (Complaint, ¶¶ 21, 22, 74, 84.)

Along with filing this suit, Plaintiff commenced a parallel action in the New York State Court of Claims, seeking damages for the same injuries he suffered during the November 18, 2003 altercation.   (Defendants' Statement of Undisputed Facts ("Defendants' Statement"), ¶¶ 3, 4; Declaration of Kim S. Murphy ("Murphy Declaration"), Docket No. 65, Exhibits A and B.)  By Plaintiff's own admission, the state suit "deal[t] with the same facts involved in this action."  (Complaint, ¶¶ 17, 18.)

Trial commenced in the state case on October 26, 2012, before the Honorable David A. Weinstein.  (Defendants' Statement, ¶ 5.)   The case was fully litigated, with Plaintiff calling and cross-examining witnesses, entering documentary exhibits, and testifying on his own behalf.  (Defendants' Statement, ¶¶ 6, 7, 9.)

On March 22, 2013, Judge Weinstein issued a decision wherein he found that Defendants' use of force on November 18, 2003, was justified to ensure Plaintiff's compliance with the officers' directives.  (Defendants' Statement, ¶ 8; Murphy Declaration, Exhibit C.)  Judge Weinstein rejected Plaintiff's evidence and found no use of excessive force.  (Defendants' Statement, ¶¶ 10, 11.)

Defendants moved for summary judgment on November 6, 2013.  (Docket No. 62.) Plaintiff has not responded to Defendants' motion, nor has he submitted evidentiary

support for his claims.

## III. DISCUSSION

### A.    Dismissal For Failure to Prosecute

As an initial matter, this case warrants dismissal based on Plaintiff's failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.   Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Where the defendant has not moved under Rule 41(b), a court may nonetheless dismiss a case *sua sponte*.   Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed. 2d 734 (1982); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).   In Link, the Supreme Court noted that: "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link, 370 U.S. at 630-31.

Rule 41(b) does not define what constitutes failure to prosecute.  But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell

3

Theatre Corp., 682 F.2d at 42.  Dismissal pursuant to Rule 41(b) falls within the court's discretion.  See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion").  It is, however, "a harsh remedy to be utilized only in extreme situations."  Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive").  This is particularly true in cases involving *pro se* litigants, where dismissal for failure to prosecute should be granted only "when the circumstances are sufficiently extreme."  Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 487 (2d Cir. 1994)).

The following factors, none of which is dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate.  See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita, 16 F.3d at 485; Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)).

In the present case, these factors weigh in favor of dismissal.  Plaintiff has engaged

in a pattern of inattention to this case and this Court's orders.  In February 2008, this Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute after Plaintiff failed to effectuate service.  (Docket No. 4.)  This Court issued a second Order to Show Cause in June 2010 after Plaintiff failed to appear for scheduled conferences and otherwise took no action in this case for six months.  (Docket No. 36.) This Court allowed the case to proceed, but with a warning to Plaintiff that he must diligently prosecute his case.  (Docket No. 38.)

On November 6, 2013, Defendants filed the instant Motion for Summary Judgment, which Plaintiff was directed to respond to by December 23, 2013.  (Docket Nos. 59, 62.) Plaintiff failed to meet that deadline, resulting in this Court *sua sponte* extending his time to respond and warning him of the consequences for his failure to do so, including dismissal for failure to prosecute.  (Docket No. 66.)  To date, Plaintiff has failed to respond to Defendants' motion.  This Court therefore finds that dismissal is warranted for failure to prosecute and that no lesser sanction would be appropriate.

Nonetheless, this Court addresses Defendants' motion on the merits.

## B.   Summary Judgment Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  An issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." Addickes v. S.H. Kress and Co., 398 U.S. 144, 158-59, 90 S. Ct.1598, 1609, 26 L. Ed. 2d 142 (1970).  "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.  "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996).

But a "mere scintilla of evidence" in favor of the nonmoving party will not defeat summary judgment. Anderson, 477 U.S. at 252.  A nonmoving party must do more than cast a "metaphysical doubt" as to the material facts; it must "offer some hard evidence showing that its version of the events is not wholly fanciful." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); D'Amico v. City of N.Y., 132 F.3d 145, 149 (2d Cir. 1998).  That is, there must be evidence from which the jury could reasonably find for the nonmoving party. Anderson, 477 U.S. at 252.

By rule, judgment may also be entered against a party that fails to respond to a properly filed motion for summary judgment, if appropriate. FED. R. CIV. P. 56 (e)(3).  This district's Local Rules provide for similar relief: a nonmoving party's failure to file and serve an answering memorandum or affidavit may constitute grounds for resolving the motion against it.  See Local Rule 7 (a)(2)(A) and (a)(3).

But failure to oppose or respond to a motion for summary judgment standing alone

6

does not warrant granting the motion: "the district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." See Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244, 246 (2d Cir. 2004) ("failure to respond to [a Rule 56] motion does not alone discharge the burdens imposed on a moving party"); Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001).  If the moving party fails to submit evidence sufficient to meet its burden, "summary judgment must be denied even if no opposing evidentiary matter is presented." Amaker, 274 F.3d at 681.  Consequently, the Second Circuit has emphasized that district courts "'in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" Vt. Teddy Bear, 373 F.3d at 246 (quoting Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993)).

## C.    Collateral Estoppel

Collateral estoppel bars the relitigation "in a subsequent action or proceeding [of] an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." Ryan v. New York Tel. Co., 62 N.Y.2d 494, 500 (1984) (quoted in Burgos v. Hopkins, 14 F.2d 787, 792 (2d Cir. 1994)).

Where the requirements of collateral estoppel have been met, the preclusive effect of a state court judgment obtains equally in federal court as it does in state court. See, e.g., West v. Ruff, 961 F.2d 1064, 1065 (2d Cir. 1992) (citation omitted); Cruz v. Root, 932 F. Supp. 66, 66 (W.D.N.Y. 1996) (citation omitted).  The requirements are: (1) an "identity

7

of issue which has necessarily been decided in the prior action and is decisive of the present action," and (2) "a full and fair opportunity [by the party against whom collateral estoppel is sought] to contest the decision now said to be controlling." Schwartz v. Public Adminstrator, 24 N.Y.2d 65, 71 (1969). The party seeking to apply collateral estoppel carries the burden on the first requirement; the party seeking to avoid it carries the burden on the second. See Khandhar v. Elfenbein, 943 F.2d 244, 247 (2d Cir. 1991).

To satisfy the first requirement, Defendants must show

> [t]he issue to be decided in the second action is material to the first action or proceeding and essential to the decision rendered therein, and that it is the point actually to be determined in the second action or proceeding such that "a different judgment in the second would destroy or impair rights or interests established by the first."

D'Andrea v. Hulton, 81 F. Supp. 2d 440, 443 (W.D.N.Y. 1999) (quoting Schuykill Fuel Corp. v. B. & C. Nieberg Realty Corp., 250 N.Y. 304, 307 (1929)). In short, the question is whether the material issues raised in the federal action were actually and necessarily resolved in the prior state court action.

Here, there is no question that Judge Weinstein resolved the material issues raised in this action — whether Defendants used excessive force against Plaintiff on November 18, 2003.[1] Judge Weinstein found that Defendants' use of force "was appropriate to ensure compliance with the officers' directives." (Murphy Declaration, Exhibit C.) He rejected Plaintiff's contentions as inconsistent with the record evidence, and he found no

---

[1] Plaintiff has also asserted a claim that he received a false misbehavior report, but this claim is subject to dismissal because the issuance of a false misbehavior report is not cognizable under 42 U.S.C. § 1983. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest").

medical evidence to support Plaintiff's version of events or his claims regarding the severity of his injuries.  (Murphy Declaration, Exhibit C.)  In contrast, Judge Weinstein credited the officers' testimony and found no significant gaps or inconsistencies in their version of the events of November 18, 2003.  (Murphy Declaration, Exhibit C.)  In the end, Judge Weinstein found that Plaintiff failed to prove his excessive force claim.  (Murphy Declaration, Exhibit C.)

Consequently, the material issue of whether excessive force was used has actually and necessarily been decided in Defendants' favor.  Defendants have thus satisfied their burden of establishing identity of the issues.

As to the second requirement, a consequence of Plaintiff's failure to properly prosecute this case is that he necessarily fails to carry his burden of demonstrating the absence of a full and fair opportunity to contest the decision in state court.  Nonetheless, a review of Judge Weinstein's decision reveals that Plaintiff had a full and fair opportunity to litigate his case: he questioned witnesses; entered evidence; and testified on his own behalf.  And as Plaintiff himself alleges in his complaint, the state and federal cases involve the same facts and claims.  (Complaint, ¶¶ 17, 18.)  The defendants in both actions were the same or in privity.  Consequently, this Court finds that Plaintiff had a full and fair opportunity to contest Judge Weinstein's decision, which is now controlling.

Accordingly, for the reasons articulated above, this Court finds that the doctrine of collateral estoppel bars Plaintiff's claims in this action.  Defendants are therefore entitled to summary judgment.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted.

9

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion for Summary Judgment (Docket No. 62) is GRANTED.

FURTHER, that in the alternative, Plaintiff's case is dismissed for failure to prosecute, pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:       September 29, 2014
             Buffalo, New York

                                          /s/William M. Skretny
                                         WILLIAM M.  SKRETNY
                                         United States District Judge